UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FRANCIS J. PENA,                        §
                                        §
       *Plaintiff,*                     §
                                        §
v.                                      §   Civil Action No. 3:24-cv-2730-X
                                        §
AT&T SERVICES INC., also known          §
as AT&T FLIGHT OPERATIONS,              §
                                        §
       *Defendant.*                     §

## MEMORANDUM OPINION AND ORDER

Under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** plaintiff Francis J. Pena's case against defendant AT&T Services Inc., also known as AT&T Flight Operations (AT&T) for failure to prosecute her case.

Pena filed her complaint against AT&T in October 2024. AT&T never appeared and has since been in default for a period in excess of 90 days. Pena never moved for default. On March 13, 2025, the Court ordered Pena to move for entry of default and to comply with Local Rule 55.1 no later than March 27, 2025 (Doc. 8). The Court warned in the same order that if "the plaintiff fails to do so, the Court may dismiss the action for failure to follow Court order."[1] Pena never moved for entry of default.

---

[1] Doc. 8.

Rule 41(b) allows the Court to "dismiss the action or any claim against" the defendant if "the plaintiff fails to prosecute or to comply with these rules or a court order."[2]  Dismissal under Rule 41(b) may be *sua sponte*, but it may be with prejudice "only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action."[3]

What is clear is that dismissal is appropriate under Rule 41(b) because Pena has failed to prosecute her case and both Pena and her attorney have disobeyed the Court's orders.  The more difficult inquiry is whether that dismissal should be with prejudice or without prejudice.  The Court, in its discretion, notes that despite Pena and her lawyer's failures, the record lacks the findings of purposeful delay or contumaciousness and the Court has not already imposed the lesser sanctions necessary to warrant dismissal with prejudice—the heightened standard for dismissal with prejudice that Rule 41(b) requires.  Therefore, under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** Pena's case against the defendant for Pena's failure to prosecute her case and Pena and her lawyer's failure to comply with the Court's orders.

---

[2] FED. R. CIV. P. 41(b).

[3] *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996).

**IT IS SO ORDERED** this 2nd day of April, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE